UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| HOWARD E. MARTIN, III, | : Case No. 2:24-cv-327 |
| Plaintiff, | : |
| vs. | : Judge Sarah D. Morrison |
| | : Magistrate Judge Karen L. Litkovitz |
| R. BERNARD MUNDY, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding without the assistance of counsel, submitted a civil Complaint to this Court in January 2024. The Complaint was submitted in a separate pending habeas corpus case. (*See* Doc. 39 in *Martin v. Shoop, Warden,* Case No. 2:22-cv-4423). Upon review, the Court directed that a new civil case be opened with the Complaint. (*See* Doc. 40 in Case No. 2:22-cv-4423). The resulting case—this case—is proceeding as Case No. 2:24-cv-327. It was initially pending before District Judge Edmund A. Sargus and Magistrate Judge Kimberly A. Jolson. But because the case was determined to be related to the pending habeas corpus case, it was transferred to the dockets of District Judge Sarah D. Morrison and the undersigned Magistrate Judge, who are considering that case. (*See* Doc. 4). Plaintiff's "objections" to the determination of relatedness are pending.[1] (Docs. 5, 6).

---

[1] This Court's Local Civil Rule 3.1 provides, as relevant here:

> [C]ivil cases may be deemed related by the Court if they:
> (1) Arise from the same or substantially identical transaction, happening, or event; or
> (2) Call for a determination of the same or substantially identical questions of law or fact; or
> (3) Would entail a substantial duplication of effort and expense by the Court and the parties if heard by different Judges; or

Plaintiff did not pay the filing fees required to commence this case. On February 1, 2024, Plaintiff was ordered to do so, or alternatively, to file an application to proceed *in forma pauperis* and without prepaying the fees. (*See* Deficiency Order, Doc. 3). Plaintiff submitted an Application to proceed *in forma pauperis* in response. (Doc. 7). His Application, however, was emailed to the Court attached to a filing for another case (also entitled *Martin v. Shoop,* Case No. 2:23-cv-2358), and was initially docketed in that case. (*See* Doc. 6, PageID 51-62 in Case No. 2:23-cv-2358). The Court ordered the Application to be docketed in this case on March 28, 2024. (*See* Doc. 9 in Case No. 2:23-cv-2358). It was (Doc. 7 herein) and is now properly before the Court for consideration.

For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action ***with prejudice*** because Plaintiff has failed to fully disclose all of his previously dismissed cases (or "strikes") under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h), as ordered by this Court.

Plaintiff is currently confined at Chillicothe Correctional Intuition. (Doc. 7, PageID 14). As a prisoner, he is subject to the requirements and restrictions of the PLRA. One restriction is the statute's so-called "three strikes" provision, which limits a prisoner's ability to proceed *in forma pauperis* in federal court:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [concerning proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

---

(4) Seek relief that could result in a party's being subject to conflicting orders of this Court.
(c) This Rule is intended to provide for the orderly division of the business of the Court and does not grant any right to any litigant.

S.D. Ohio Civ. R. 3.1(b) and (c).

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has filed many cases in this Court and has taken several appeals from this Court's decisions. The Court previously determined that he had accumulated "three strikes." *See, e.g., Martin v. Ohio*, No. 2:22-cv-1654, 2023 WL 386245 (S.D. Ohio Jan. 25, 2023). In fact, because Plaintiff failed to disclose all of his prior dismissals in that case, Chief Judge Marbley of this Court imposed an additional sanction on Plaintiff. *Id.,* 2023 WL 386245, at *3. He advised Plaintiff "that the Court will dismiss *with prejudice* any future cases in which Plaintiff seeks *in forma pauperis* status without identifying previously dismissed cases." *Id.* (emphasis in original).

In his new Application to proceed *in forma pauperis* in this case, Plaintiff again discloses some but not all of his dismissed cases or "strikes." (*See* Doc. 7, PageID 16). He discloses the following three dismissals/strikes:

1. *Martin v. State of Ohio*, Civil Action No. 2:18-cv-1147 (S.D. Ohio June 5, 2019) (dismissing federal claims under § 1915(e) and declining to exercise supplemental jurisdiction over remaining state-law claims);

2. *Martin v. State of Ohio*, Appeal No. 19-3844 (6th Cir. Sep. 1, 2020) (finding that "[a]n appeal in this case would be frivolous," denying a motion to proceed *in forma pauperis*, and ordering Martin to pay the filing fee; dismissing appeal on November 6, 2020 when Martin failed to pay the fee);[2] and

3. *Martin v. Ohio*, Civil Action No. 1:14-cv-899 (S.D. Ohio Mar. 11, 2015) (dismissing complaint in its entirety, with prejudice, under §§ 1915(e) and 1915A).

---

[2] Although this appeal was dismissed for failure to prosecute, it counts as a strike because the Sixth Circuit previously found the appeal to be frivolous. *See Heid v. Aderhold*, No. 2:20-cv-901, 2020 WL 4673217, at *3 (S.D. Ohio Aug. 12, 2020) (citing *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 433 (D.C. Cir. 2007)) ("Where…an appeal is formally dismissed for want of prosecution, this dismissal counts as a strike if the court of appeals previously denied a motion to proceed *in forma pauperis* in that case on the basis that the appeal was frivolous.").

3

(Doc. 7, PageID 16). He fails to disclose the following dismissal/strike in his Application:

> *Martin v. Ohio*, Appeal No. 15-3334 (Aug. 11, 2015) (finding that the "appeal lacks an arguable basis in law" and denying motion to proceed *in forma pauperis;* dismissing on September 21, 2015 when Martin failed to pay the fee).

(*See* Doc. 7, PageID 16). In his new Application, Plaintiff also disclosed one of many dismissals that does not appear to be a strike.[3] (*Id.*). Thus, in sum, Plaintiff disclosed three dismissals/strikes, but failed to disclose one other dismissal/strike.

A litigant must be truthful in his filings to the Court, and must answer the questions in the Application form fully. *See* Fed. R. Civ. P. 11; *Wright v. Watson*, No. 2:22-cv-4042, 2023 WL 4042170, at *1 (S.D. Ohio June 16, 2023) (dismissing a plaintiff's "claims with prejudice for making false statements in his Motions for Leave to Proceed *in Forma Pauperis*"). Plaintiff was specifically warned that he must disclose his dismissed cases/strikes if he sought to proceed *in forma pauperis*. *Martin v. Ohio*, No. 2:22-cv-1654, 2023 WL 386245, *3 (S.D. Ohio Jan. 25,

---

[3] Several other cases filed by Plaintiff do not appear to count as strikes, including:
- *Martin v. Scripps Howard*, Civil Action No. 1:10-cv-680 (S.D. Ohio Oct. 7, 2010) (dismissing complaint under § 1915(e)).
- *Martin v. Ohio*, No. Civil Action No. 1:12-cv-650 (S.D. Ohio April 13, 2013) (dismissing complaint under § 1915(e)). Plaintiff disclosed this case.
- *Martin v. E.W. Scripps Co.*, Civil Action No. 1:12-cv-844 (S.D. Ohio Oct. 30, 2013) (dismissing complaint with prejudice under § 1915(e)).
- *Martin v. Ohio*, Appeal No. 13-3733 (Mar. 19, 2014) (finding that "the instant appeal is legally frivolous," denying an *in forma pauperis* motion, and ordering Martin to pay the filing fee; dismissing appeal on October 21, 2014 when Martin failed to pay the fee).
- *Martin v. E.W. Scripps Company*, Appeal No. 13-4384 (May 22, 2014) (affirmed).
- *Martin v. Ohio,* Civil Action No. 1:15-cv-315 (S.D. Ohio Nov. 16, 2015) (dismissing complaint for failure to prosecute).
- *Martin v. Ohio*, Appeal No. 19-3788 (Aug. 27, 2019) (dismissed as duplicative of Appeal No. 19-3728).
- *Martin v. Ohio*, Appeal No. 19-3728 (Dec. 13, 2019) (dismissed as duplicative of Appeal No. 19-3844).
- *Martin v. Ohio*, Civil Action No. 2:22-cv-1654 (S.D. Ohio) (dismissed for failure to prosecute because Plaintiff failed to pay the filing fee).
- *Martin v. Warden,* Civil Action No. 1:23-cv-205 (S.D. Ohio June 16, 2023) (habeas corpus matter, dismissed as duplicative of Case No. 2:22-cv-4423).

4

2023). He failed to do so here, in a filing made under penalty of perjury. (Doc. 7, PageID 16). Thus, the sanction that this Court warned Plaintiff about should be applied. *See Blachere v. Baldwin*, No. 2:23-cv-730, 2023 WL 3060200, at *3 (S.D. Ohio Apr. 24, 2023), *report and recommendation adopted,* 2023 WL 3819354 (S.D. Ohio June 5, 2023) ("dismissal with prejudice is appropriate, as Plaintiff failed to disclose his full litigation history and, despite a previous warning, has attempted to mislead the Court.").

Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action ***with prejudice*** because Plaintiff has failed to fully disclose all of his previously dismissed cases (or "strikes" under the PLRA) in his Application. (Doc. 7). His Application itself should be **DENIED** as moot.[4]

The Undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

Plaintiff is advised that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

---

[4] The Undersigned observes that even if Plaintiff had fully disclosed all his relevant dismissals/strikes under the PLRA, he fails to satisfy the narrow exception in the statute that might allow him to proceed *in forma pauperis* as a "three-striker." Under 28 U.S.C. § 1915(g), Plaintiff may not proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury."

Plaintiff's Complaint here does not allege that he is in "imminent danger of serious physical injury." Instead, the Complaint appears to raise a malicious prosecution claim against the attorney appointed to represent Plaintiff in a 2014 criminal case. (Doc. 1). *See State v. Martin*, Hamilton C.C.P. No. B-1405503, available by case number search at https://www.courtclerk.org/records-search/case-number-search/ (last visited April 23, 2024). The allegations against Plaintiff's former counsel do not suggest that he is in "imminent danger" of death or severe bodily injury at this time, and thus, Plaintiff would not be entitled to proceed *in forma pauperis* in this case even if he had properly disclosed all of his dismissals/strikes. The Court need not reach this analysis, however, because this case is subject to dismissal in its entirety, with prejudice, because Plaintiff failed to fully disclose all of his dismissals/strikes as previously ordered by this Court.

**Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

April 25, 2024

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE